

| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | ROBYN N. PULLIO<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division<br>Tel.: (212) 788-1090<br>Fax: (212) 788-9776<br>Email: rpullio@law.nyc.gov |

October 4, 2007

*[Handwritten: Denied, without prejudice & a motion on notice 10-9-07]*

BY HAND
Honorable Alvin K. Hellerstein
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Julio Quinones v. City of New York, et al., 07 CV 7487 (AKH)

Dear Judge Hellerstein:

    I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York. I am writing without the consent of plaintiff's counsel, Nicole Bellina, Esq., to respectfully request that Your Honor stay this case pending the conclusion of the New York County District Attorney's Office's prosecution of plaintiff on the charges stemming from plaintiff's arrest, which also gave rise to the claims alleged in this case.

    As Your Honor is aware, this matter alleges that certain New York City police officers subjected plaintiff to assault, battery and excessive force. We have confirmed that the New York County District Attorney's Office is pursuing prosecution of plaintiff for the charges stemming from his arrest, which gave rise to the claims alleged in this action, and that the criminal case is presently scheduled for continued sentencing. Sentencing in the plaintiff's underlying criminal matter commenced on August 11, 2006, and is currently adjourned until November 9, 2007. Accordingly, a stay of this matter is necessary in the interests of judicial economy.

    "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (citing cases). See also Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant).

1

The reasons for granting a stay have been summarized as follows: "The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." Certain Real Property, 751 F. Supp. at 1062 (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). In deciding whether to grant the stay, the district court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp.1007, 1010 (EDNY 1992).

In this case, defendant City seeks this stay out of necessity. The factors the Court considers in determining whether to stay this matter clearly weigh in favor of issuing a stay. This office needs to conduct an investigation into the incident alleged in this action. Although there are no individual police officers named in this action to date, it is foreseeable that plaintiff intends to replace "John Doe" defendants with individual defendants as this case proceeds. Should individual police officers be named and served in this action, this office would then be required to conduct an investigation to determine whether or not individual defendants would be entitled to representation pursuant to the General Municipal Law. General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). However, because the District Attorney's Office is pursuing prosecution of plaintiff, the potential individual officer defendants in this civil action are likely witnesses in the pending criminal action and will be unable to freely communicate with Defendant City's counsel until conclusion of the District Attorney's prosecution.

However, once the criminal prosecution has been concluded, the potential officer defendants in this action can be made available to this office without putting them in a position to potentially make statements against their interest. It is also clearly within the interest of the public to issue such a stay. General Municipal Law § 50(k) calls for the resources of the City of New York to be used for legal representation only after it has been determined by the Office of the Corporation Counsel of the City of New York that the individual defendants are entitled to such representation. In a case like this where it cannot yet be determined whether the potential individual defendants are so entitled, it benefits the public to stay the civil litigation pending the criminal investigation rather then using the resources of the City of New York, or waste public and judicial resources to litigate this matter, only later to determine that individual defendants are entitled to representation and certain aspects of this case must be re-litigated.

Accordingly, defendant City of New York respectfully submits that, in the interest of judicial economy, the public interest, and the efficient progress of this litigation, which is in the interest of all parties involved, Your Honor should grant defendant's request for a stay of this matter pending the outcome of the New York County District Attorney's Office's prosecution of plaintiff for the incident giving rise to the instant civil action.

Thank you for your consideration herein.

                                        Respectfully submitted,

                                        Robyn N. Pullio (RP7777)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

cc:    <u>BY FAX</u>
        Nicole Bellina, Esq.
        Attorney for Plaintiff
        71 Nevins Street
        Brooklyn, New York 11217