UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

Julio Quinones,

                          Plaintiff,         **ANSWER TO COMPLAINT**

      -against-                              JURY TRIAL DEMANDED

The City of New York, Raymond Kelly and Police      07 CV 7487 (AKH)
Officers John Does #1-5,

                       Defendants.
------------------------------------------------------------------X

        Defendants the City of New York and Police Commissioner Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the plaintiff purports to seek damages as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

        6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the plaintiff purports that venue is proper as stated therein.

        7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

        8. Admit the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations contained in paragraph "9" of the complaint, except admit that the City of New York maintains a police department and that Raymond Kelly is employed by the City of New York as the commissioner thereof, and that plaintiff purports to sue Raymond Kelly in his individual and official capacities.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint regarding the other individual defendants ("the officers") being employees of the NYPD, except admit that plaintiff purports to sue said other individual defendants in their individual and official capacities.

11. The allegations set forth in paragraph "11" of the complaint concerning whether defendants City and Raymond Kelly acted under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City and State of New York, constitute conclusions of law rather than averments of fact, and, accordingly, no response is required, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the New York City Office of the Comptroller received what purports to be a notice of claim on or about June 27, 2006, and that no settlement has been reached.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint regarding defendant Raymond Kelly. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint regarding defendants "Police Officers John Does #1-5".

15. Deny the allegations set forth in paragraph "15" of the complaint regarding defendants City and Raymond Kelly. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the complaint regarding defendants "Police Officers John Does #1-5".

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

18. The allegations set forth in paragraph "18" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required. To the extent that a response is required, deny the allegations set forth in paragraph "18" of the complaint regarding defendants City and Raymond Kelly, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the complaint regarding defendants "Police Officers John Does #1-5".

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations contained in paragraph "29" of the complaint with respect to defendants City and Raymond Kelly. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint regarding defendants "Police Officers John Does #1-5".

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

33. Deny the allegations contained in paragraph "33" of the complaint with respect to defendants City and Raymond Kelly. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the complaint regarding defendants "Police Officers John Does #1-5".

34. Deny the allegations contained in paragraph "34" of the complaint with respect to defendants City and Raymond Kelly. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint regarding defendants "Police Officers John Does #1-5".

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

38. The allegations set forth in paragraph "38" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

39. The allegations set forth in paragraph "39" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

43. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

44. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

45. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

47. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

72. On information and belief, plaintiff pled guilty to the underlying criminal charge.

**WHEREFORE,** defendants City and Police Commissioner Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 24, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for defendants City of New York and
                                    Police Commissioner Raymond Kelly
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-1090

By:    _____
       ROBYN N. PULLIO (RP 7777)