USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JULIO QUINONES,

                                             Plaintiff,

                          -against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE OFFICERS JOHN DOES #1-5,

                                             Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

**07 CV 7487 (AKH)**

**WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. As used herein, the "Action" shall mean the lawsuit captioned <u>Julio Quinones v. The City of New York, et al.</u>, 07 CV 07487 (AKH).

2. "Confidential Materials" shall mean (a) personnel and disciplinary-related records of employees of the City of New York, (b) records of investigations regarding the conduct of any employees of the City of New York or any of its agencies, (c) records of criminal investigations, (d) documents or other materials that reflect guidelines, training or procedures concerning the New York City Police Department or any other City agency, (e) documents that

the parties agree are subject to this order, and (f) any documents that the Court directs to be produced subject to this order.

3. Plaintiffs' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in the Action.

4. In order to designate documents or other material as "Confidential" within the meaning of this Protective order, defendants may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give plaintiffs notice of the confidentiality designation, in a writing directed to plaintiffs' attorneys. Defendants may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

5. Confidential Materials shall not be disclosed to any person other than an attorney of record for plaintiffs or any member of the staff of plaintiffs' attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in the Action.

    b. Disclosure before trial may be made only to a plaintiff, to an expert who has been retained or specially employed by plaintiffs' attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and

Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' attorneys and a copy shall be furnished to defendants upon request.

6.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.  If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. Nothing in this Protective Order shall preclude defendants from using for any purpose documents they have produced, or deposition testimony they have designated, as "Confidential Materials."

9. ~~If plaintiffs intend to use Confidential Materials at trial or any hearing, they shall give prior notice to defendants' attorneys. Upon a showing that Confidential Materials may be disclosed at a hearing or at trial, the Court shall impose appropriate safeguards for the presentation of such Confidential Materials.~~ *(see ¶ 4)*

10. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Materials" to the extent that such documents or materials (a) are obtained from sources other than defendants, or (b) are otherwise publicly available.

11. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials produced by defendants, including all copies, all nonconforming copies, notes and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys. *Exhibits shall be preserved.* [initialed]

12. Plaintiffs' counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the production of Confidential Materials. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas,

and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated: New York, New York
April 4, 2008

Nicole Bellina, Esq.
Stoll, Glickman & Bellina
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, New York 11217

By: *(signature)*
Nicole Bellina, Esq. (NB7154)

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York,
 Police Commissioner Raymond Kelly,
 Police Officer Christopher Cannizzaro,
 and Police Officer Richard Dixon
100 Church Street, Room 3-188
New York, New York 10007
(212) 788-1090

By: *(signature)*
Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation

SO ORDERED, *(signature)*
*(signature)*
U.S.D.J.
4/4/08

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled Julio Quinones v. The City of New York, et al., 07 CV 077487 (AKH), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
              Date                                    Signature

                                        _____
                                                    Print Name

                                        _____
                                                    Occupation

## DECLARATION OF PERSONAL SERVICE

I, Robyn N. Pullio, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on April 4, 2008, I personally served the annexed STIPULATION AND PROTECTIVE ORDER on plaintiff's counsel by handing her a copy of the same.

Dated:   New York, New York
         April 4, 2008

                                              _____
                                              Robyn N. Pullio
                                              Assistant Corporation Counsel